UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-60659-STRAUSS

JONATHAN K. LEWIS,

 Plaintiff,

v.

MAVIS TIRE AND
AUTO CORP.,

 Defendant.
_____/

**ORDER**

 THIS MATTER came before the Court upon *pro se* Plaintiff's Motion to proceed *In Forma Pauperis* ("Motion"). [DE 2]. Plaintiff's Motion uses the United States District Court for the Southern District of New York's application to proceed *in forma pauperis*. Additionally, Plaintiff's Complaint contains several deficiencies (more fully explained below) which require Plaintiff to file an amended complaint. Therefore, Plaintiff's motion is **denied without prejudice**. If Plaintiff wishes to proceed *in forma pauperis*, then Plaintiff may renew his motion by completing this District's application, along with filing an amended complaint that addresses the deficiencies described below.

**BACKGROUND**

 Plaintiff initially filed his Complaint against Defendant in the United States District Court for the Southern District of New York. [DE 1]. Plaintiff subsequently moved to proceed *in forma pauperis*. [DE 2]. The New York court then transferred Plaintiff's case to this District, finding that "[t]he underlying events allegedly occurred in the Southern District of Florida, and it is reasonable to expect that relevant documents and witnesses would also be located there. Thus, the

United States District Court for the Southern District of Florida appears to be a more convenient forum for this action." [DE 6] at 4. The court further ruled that "[w]hether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court." *Id.*

## ANALYSIS

Under 28 U.S.C. § 1915, if a court determines that the case is frivolous or fails to state a claim on which relief may be granted, then the court "shall dismiss the case at any time." 28 U.S.C. § 1915(e). When a plaintiff is proceeding *pro se*, the Court must liberally construe the *pro se* pleadings and hold them to "less stringent standards" than pleadings drafted by attorneys. *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020). "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).

Plaintiff alleges that he worked for Defendant for a short amount of time before Defendant fired him. *See* [DE 1] at 2. Plaintiff further alleges that his termination was unlawful, and Defendant violated Title VII, 42 U.S.C. § 2000e-2(a)(1), by discriminating against Plaintiff because of his race and national origin. *See Id.* at 1–2. To support his claim, Plaintiff alleges that Defendant mistreated him from the first day of his employment as Plaintiff did not receive a uniform or a signing bonus. *Id.* at 2. Then, throughout Plaintiff's training, another employee did not want to train him and was disrespectful to him. *Id.* This led to a confrontation between Plaintiff and this employee. *Id.* at 2–3. Plaintiff was subsequently transferred to another one of Defendant's locations. *Id.* at 3. However, Plaintiff states that this "reason is not the reason for this complaint." *Id.* After Defendant transferred Plaintiff to another location, Plaintiff alleges that he and another

employee got into an argument and that employee, along with his friend, told the store manager that Plaintiff was "loud and aggressive." *Id.* at 4. Plaintiff then alleges that he realized some money from his bag was stolen and reported it to his manager. *Id.* Plaintiff claims that Defendant (through a manager) told him they were firing him for being confrontational with other employees, but Plaintiff alleges that Defendant really fired him because Plaintiff reported his stolen money. *Id.*

There are several deficiencies with Plaintiff's Complaint. First, Plaintiff does not comply with the pleading requirements of Federal Rules of Civil Procedure 8 and 10. According to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). Rule 10 further expands on pleading requirements and requires the pleader to state its claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

Here, Plaintiff's Complaint contains ten "Fact" paragraphs. *See* [DE 1] at 2–4. The allegations in those paragraphs are not simple, concise, or direct.[1] For example, Plaintiff's first five fact paragraphs contain allegations that seemingly have no bearing on Plaintiff's claim, given Plaintiff's statement in his sixth paragraph that, "[t]he above reason is not the reason for this complaint because I was not terminated from that location." *See* [DE 1] at 3.

Another example of Plaintiff's allegations being neither simple, concise, nor direct is as follows:

> The incident happen[ed] before, on, or after 10-26-24 and I was in the garage looking for the oil reset button on the car because we have to reset it each time the oil is changed and they saw it was taking me a while to find it so he came over and

---

[1] Another minor deficiency with Plaintiff's Complaint is that Plaintiff uses alphabetical paragraphs in his Complaint instead of "numbered paragraphs" as Rule 10 requires. Fed. R. Civ. P. 10(b).

> told me to get out the car so he can do it and [I] am not sure if it required because I saw others do it and they didn't do it they said that is the owner['s] job (that is what lead me to believe that he was having me do things that he only wanted me to do so if I didn't do it he could reprimand me or have me reprimanded) [I] was telling him to show me so I can do it on my own that is all I did and that same day he told me to go home early claiming there was no work for me they don't send people home for that reason there but it was really to make it seem like I was a problem and he had to tell me to leave.  The garage senior employee and his friend 2 [S]panish employees told the store manager when he came back that I got loud and aggressive with him which is untrue I simply just asked him to show me so I can learn my job I was still in training stages and he told me to get out the car so he can do it so I did.

*Id.* at 4.  That allegation does not specify who told Plaintiff it was taking him a while to find the oil reset button, who told Plaintiff to get out of the car, or who told Plaintiff to go home early.  At best, Plaintiff alleges at the end of the factual allegation that a "garage senior employee" along with his friend (another employee) told the store manager about the incident.  *Id.*  But Plaintiff does not name any of the employees.  Without specifying these facts, Defendant lacks adequate notice of the grounds upon which Plaintiff's discrimination claim rests.  Lastly, Plaintiff writes his allegations in narrative format with countless instances of "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322 (11th Cir. 2015).

Besides procedural infirmities, Plaintiff fails to state a claim on which relief may be granted.  Plaintiff purports to bring a Title VII claim against Defendant alleging race and national origin discrimination.  "To make out a *prima facie* case of racial discrimination a plaintiff must show (1) she belongs to a protected class; (2) she was qualified to do the job; (3) she was subjected to adverse employment action; and (4) her employer treated similarly situated employees outside her class more favorably." *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008).  Though "an employment discrimination plaintiff need not plead a prima facie case of discrimination," *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 515 (2002), "the ordinary rules for assessing the

4

sufficiency of a complaint [still] apply," *id.* at 511.  In other words, Plaintiff still "must provide enough factual matter (taken as true) to suggest intentional race discrimination."  *Glover v. Donahoe*, 626 F. App'x 926, 930 (11th Cir. 2015) (quoting *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008)).

Here, Plaintiff has failed to allege facts that could plausibly state a claim for race discrimination.  Plaintiff has stated that he is an African American male but has not alleged any fact suggesting that Defendant terminated his employment because of his race.  Nor has Plaintiff alleged any fact that plausibly suggests that Defendant treated similarly situated employees outside Plaintiff's class more favorably.  Indeed, Plaintiff does not allege the race of any of the employees he worked with.[2]  Plaintiff's Complaint contains allegations of Defendant's employees not properly training him and allegations of employees lying about Plaintiff's actions.  But nothing in the Complaint contains any direct allegation, or allegations from which the Court could plausibly infer, that Defendant failed to train Plaintiff because of his race or fired him because of it. Therefore, Plaintiff has failed to state a claim on which relief may be granted.

As to Plaintiff's claim of discrimination based on his national origin, Plaintiff alleges even fewer facts (if any).  To establish a prima facie case of national origin discrimination, a plaintiff must show "(1) he is a member of a particular national origin; (2) he was subjected to an adverse employment action; (3) he was treated less favorably than similarly situated employees who were not members of the same national origin; and (4) he was otherwise qualified for his position." *Buzzi v. Gomez*, 62 F. Supp. 2d 1344, 1355 n.7 (S.D. Fla. 1999).  Again, a plaintiff need not plead

---

[2] Plaintiff does make one passing allegation that "[t]he garage senior employee and his friend[,] 2 [S]panish employees[,] told the store manager when he came back that I got loud and aggressive with him which is untrue I simply just asked him to show me so I can learn my job I was still in training stages and he told me to get out the car so he can do it so I did." [DE 1] at 4.  It is not clear what Plaintiff means by "Spanish" employees, and nothing else in Plaintiff's allegations plausibly state that "Spanish" employees were treated better.

a prima facie case of discrimination, but the plaintiff needs to at least provide "enough factual matter (taken as true) to suggest" discrimination. *Donahoe*, 626 F. App'x at 930 (quoting *Davis*, 516 F.3d at 974).

Plaintiff alleges that he is an African American male but does not otherwise clarify what his national origin is. Nor has Plaintiff alleged facts that Defendant treated him differently (in an adverse manner) because of his national origin. Finally, Plaintiff makes no allegations about the national origins of his co-workers. Consequently, Plaintiff has failed to plead a single fact that could plausibly support his claim for discrimination based on his national origin.

## CONCLUSION

Because Plaintiff used a different court's *in forma pauperis* application, it is **ORDERED and ADJUDGED** that Plaintiff's Motion [DE 2] is **DENIED without prejudice.** For the reasons discussed above, Plaintiff shall file a renewed motion to proceed *in forma pauperis* (using the Southern District of Florida's form) and an amended complaint by **May 22, 2025**.[3] That amended complaint must cure the deficiencies addressed in this Order. Failure to do so will result in dismissal of Plaintiff's case.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 28th day of April 2025.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge

---

[3] "Our cases make clear that 'a [pro se] plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice'—at least, that is, where 'a more carefully drafted complaint might state a claim.'" *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019) (quoting *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018)) (alteration in original).