UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-60659-STRAUSS

JONATHAN K. LEWIS,

    Plaintiff,
v.

MAVIS TIRE AND
AUTO CORP.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER was assigned to the undersigned United States Magistrate Judge pursuant to Administrative Order 2025-11.  However, because I find that dismissal of this case is warranted, and because I do not presently have authority to issue a dispositive order, I am issuing a Report and Recommendation.  I have separately entered an order directing the Clerk to randomly reassign this case to a District Judge of this Court.  For the following reasons, I respectfully **RECOMMEND** that this action be **DISMISSED** and that all pending motions be **denied as moot**.

## BACKGROUND

Plaintiff initially filed his Complaint against Defendant in the United States District Court for the Southern District of New York. [DE 1].  Plaintiff subsequently moved to proceed *in forma pauperis*. [DE 2].  The New York court then transferred Plaintiff's case to this District, finding that "[t]he underlying events allegedly occurred in the Southern District of Florida, and it is reasonable to expect that relevant documents and witnesses would also be located there.  Thus, the United States District Court for the Southern District of Florida appears to be a more convenient forum for this action." [DE 6] at 4.  The court further ruled that "[w]hether Plaintiff should be

permitted to proceed further without prepayment of fees is a determination to be made by the transferee court." *Id.*

On April 28, 2025, I entered an order denying without prejudice Plaintiff's Motion to Proceed *In Forma Pauperis* and directed Plaintiff to file an amended complaint by May 22, 2025. [DE 9] at 6. I explained that I was denying Plaintiff's motion because his Complaint contained several deficiencies, namely that it failed to state a claim on which relief may be granted. *Id.* at 4.[1] On May 15, 2025, Plaintiff renewed his Motion to Proceed *In Forma Pauperis* and sought an extension of time until June 2, 2025 to file an amended complaint. [DE 12]; [DE 14]. I granted Plaintiff's Motion for Extension of Time. [DE 15].

Plaintiff then filed his Amended Complaint on May 19, 2025. [DE 16]. In it, Plaintiff alleges that this Court has jurisdiction to hear his claims based on 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28 U.S.C. § 1349, 28 U.S.C. § 1357, and 28 U.S.C. § 1367. *Id.* at 1. But Plaintiff alleges Defendant violated section 760.10(1)(a), (7), and (8)(a), Florida Statutes. *Id.* Plaintiff alleges that while working at one of Defendant's locations, another employee attacked him. *Id.* at 2. This employee then allegedly lied to Plaintiff's boss about the incident and said Plaintiff was the aggressor. *Id.* After this incident, Defendant transferred Plaintiff to another location. *Id.* Plaintiff alleges that the employees at the new location did not like him and made false statements about him to Plaintiff's manager. *Id.* at 2–3. One such incident was when Plaintiff attempted to do an oil change on a customer's vehicle but took too long to find the oil light reset button. *Id.* at 3. This resulted in another altercation, this time with the garage manager. *Id.* Plaintiff claims that the garage manager lied about Plaintiff becoming aggressive and wrongfully sent him home for the

---

[1] Plaintiff's Complaint also contained several procedural infirmities, such as writing in narrative format and failing to make simple, concise, and direct allegations.

day. *Id.* This apparently led to the general manager speaking with Plaintiff and informing him that "he has a business to run" and has to terminate Plaintiff's employment since the other employees do not like him. *Id.* at 2. Plaintiff alleges that, after Plaintiff begged him not to terminate him, the general manager decided not to fire him. *Id.* at 3. But Plaintiff alleges that he "was actually terminated" the next day for reporting an unnamed employee to management for allegedly stealing money from Plaintiff's bag while at work. *Id.* at 3–4.

## **ANALYSIS**

Because Plaintiff has moved to proceed *in forma pauperis*, the screening provisions of 28 U.S.C. § 1915(e) apply. Under 28 U.S.C. § 1915, if a court determines that the case is frivolous or fails to state a claim on which relief may be granted, then the court "shall dismiss the case at any time." 28 U.S.C. § 1915(e). Although Federal Rule of Civil Procedure 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions"; a "formulaic recitation of the cause of action will not do." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face." *Id.* at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When a plaintiff is proceeding *pro se*, the Court must liberally construe the *pro se* pleadings and hold them to "less stringent standards" than pleadings drafted by attorneys. *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020). "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise

deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).

As with Plaintiff's original Complaint, the Amended Complaint contains several deficiencies. First, Plaintiff again does not comply with the pleading requirements of Federal Rules of Civil Procedure 8 and 10. According to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). Rule 10 further expands on pleading requirements and requires the pleader to state its claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

Here, Plaintiff's Amended Complaint contains ten paragraphs describing the alleged violations. *See* [DE 16] at 2–4. The allegations in those paragraphs are not simple, concise, or direct.[2] For example, in one paragraph Plaintiff alleges:

> The last incident happen before, on or after 10-26-24 or around that time I had did a oil change and some tire work usually what I am required to do and after that they tell us we have to reset the oil light on the car because I changed the oil and the 2 spanish employees that kept lying on me was a garage manager and the customer service employee and this happen while the GM was not there like at the other location. The garage manager step to me while I was looking for the oil reset button on the car and he said I was taking to long to find the oil reset button and told me to move in a rude way I didnt get made I just asked him to show me where it is and I said that because it is there job to show me he just went on about it so I just moved out the way and let him do it and that was the incident that they use to have me terminated because he claims at that moment when he told me to move I got

---

[2] Another minor deficiency with Plaintiff's Amended Complaint is that Plaintiff uses alphabetical paragraphs in his Amended Complaint instead of "numbered paragraphs" as Rule 10 requires. Fed. R. Civ. P. 10(b). Though this is a minor deficiency, I raised this exact deficiency in my previous order directing Plaintiff to file an amended complaint. [DE 9] at 3 n.1. Plaintiff even acknowledged this deficiency in his Motion for Extension of Time. [DE 13] at 1. While the Court is aware that Plaintiff is proceeding *pro se* and holds his pleadings to a less stringent standard, Plaintiff appears to make no effort to conform his pleadings to comply with Rule 10 despite repeated directives to do so.

> aggressive and combative and I didnt in fact I was not in the seat long enough to be combative.  He sent me home early that day claiming there is no work but he told the GM that is why he sent me home to make it seem like I was a problem which is a lie because every one works there shift until it is time to go home the GM does the schedule.

[DE 16] at 3.  Plaintiff's other allegations follow this same style of long-winded, run-on sentences written in narrative format with countless instances of "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."  *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322 (11th Cir. 2015).

Additionally, Plaintiff's Amended Complaint is a shotgun pleading.  Shotgun pleadings violate Rule 8.  *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294–95 (11th Cir. 2018).  There are four types or categories of shotgun pleadings.  *See Weiland*, 792 F.3d at 1321–23.  But the "unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  *Id.* at 1323.  A district court can dismiss a complaint on "shotgun" pleading grounds under its "inherent authority to control its docket and ensure the prompt resolution of lawsuits."  *Halbig v. Lake County, Fla.,* No. 23-11875, 2024 WL 470420, at *2 (11th Cir. Feb. 7, 2024) (quoting *Vibe Micro*, 878 F.3d at 1295).  Plaintiff does not allege specific facts to a specific claim or claims.  All ten facts appear to be "general facts" that do not correspond to any one particular claim.

Besides these procedural infirmities, which were also present in Plaintiff's original Complaint, Plaintiff fails to establish this Court's subject matter jurisdiction and fails to state a claim on which relief may be granted.  As to subject matter jurisdiction, Plaintiff alleges this Court has jurisdiction to hear his claims based on federal question, civil rights, corporation organized under federal law as party, injuries under federal laws, and supplemental jurisdiction. [DE 16] at

5

1. Yet the only substantive statute Plaintiff cites in his Amended Complaint is section 760.10(1)(a), (7), and (8)(a), Florida Statutes. *Id.* This is a Florida state law prohibiting certain employment practices, including discrimination based on certain characteristics, discrimination based on an individual having opposed an unlawful employment practice, or conditioning employment on training espousing certain concepts. Plaintiff does not allege that Defendant violated any federal statute (thus precluding federal question jurisdiction) nor allege facts that would confer jurisdiction upon this Court through any of the other jurisdictional provisions he cites.

Even construing Plaintiff's claims as claims brought under Title VII, the federal statute prohibiting discrimination in employment (as Plaintiff alleged in his original Complaint), Plaintiff fails to allege facts that plausibly state a discrimination or retaliation claim. "To make out a *prima facie* case of racial discrimination a plaintiff must show (1) she belongs to a protected class; (2) she was qualified to do the job; (3) she was subjected to adverse employment action; and (4) her employer treated similarly situated employees outside her class more favorably." *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008). Though "an employment discrimination plaintiff need not plead a prima facie case of discrimination," *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 515 (2002), "the ordinary rules for assessing the sufficiency of a complaint [still] apply," *id.* at 511. In other words, Plaintiff still "must provide enough factual matter (taken as true) to suggest intentional race discrimination." *Glover v. Donahoe*, 626 F. App'x 926, 930 (11th Cir. 2015) (quoting *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008)).

First, Plaintiff fails to allege that he is a member of a protected class (although he alleged his race in his original Complaint). Second, Plaintiff fails to allege how Defendant treated him differently than other similarly situated employees of a different race, nor otherwise allege any

facts from which the Court could infer that Plaintiff was fired because of his race. Plaintiff alleges that one of Defendant's garage managers made up policies and only enforced those policies against Plaintiff. [DE 16] at 3. However, Plaintiff fails to explain what those policies were, and Plaintiff fails to allege any other instances where Defendant treated him differently. At best, Plaintiff has alleged that he was fired because other employees did not like him or lied about him. But none of those alleged facts (even taken as true) show, or allow the Court to plausibly infer, that Defendant's actions were motivated by Plaintiff's race.

To the extent Plaintiff claims Defendant unlawfully retaliated against him in violation of Title VII (which is entirely unclear), Plaintiff appears to allege that Defendant fired him for reporting to the general manager of one of Defendant's stores that someone (presumably an employee) stole money from Plaintiff's bag while at work. *Id.* at 3–4. It is not clear when this alleged theft occurred, though Plaintiff states he reported it to the Broward County Sheriff's Office (with no known results). *Id.* Plaintiff conclusively states that his reporting of the alleged crime led to his termination. *Id.* Yet, to the extent Plaintiff is alleging that Defendant retaliated against him for reporting or accusing someone of theft, making such a report would not constitute protected activity providing the basis for a retaliation claim (whether under Title VII or section 760.10, Florida Statutes). Nor, again, does Plaintiff allege any facts from which the Court could infer that his reporting of the theft was a pretext for firing him based on a discriminatory motive.

## **CONCLUSION**

Because Plaintiff fails to comply with the pleading requirements of Federal Rules of Civil Procedure 8 and 10, fails to allege how this Court has jurisdiction to adjudicate his claims, and fails to plausibly state a claim upon which this Court could grant relief, despite having the

7

opportunity to amend his pleadings, I respectfully **RECOMMEND** that this action be **DISMISSED without prejudice** and that all pending motions be **denied as moot**.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with this Court.[3] Failure to timely file objections shall bar the parties from a *de novo* determination by a District Judge of this Court of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 6th day of June 2025.



Jared M. Strauss
United States Magistrate Judge

---

[3] As set forth in Rule 4(b) of the of the Magistrate Judge Rules of this Court's Local Rules:

> Any party may object to a Magistrate Judge's proposed findings, recommendations or report under subsections 1(d), (e), and (f) of these rules, supra, within fourteen (14) days after being served with a copy thereof, or within such other time as may be allowed by the Magistrate Judge or District Judge.  Such party shall file with the Clerk of the Court, and serve on all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made, the specific basis for such objections, and supporting legal authority. . . .  A District Judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.