UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:25-cv-60659-LEIBOWITZ/STRAUSS

**JONATHAN K. LEWIS,**
    *Plaintiff,*

*v.*

**MAVIS TIRE AND AUTO CORP.,**
    *Defendant.*
_____/

## ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION

On June 25, 2025, the Court VACATED its Order adopting the Report of Recommendation (the "R&R")[ ECF No. 18] of the United States Magistrate Judge in this case to review untimely objections filed by *pro se* Plaintiff, Jonathan Lewis. [*See* ECF Nos. 20, 23 24]. After conducting a *de novo* review of the R&R, Plaintiff's objections, and the Amended Complaint [ECF No. 16], the Court agrees the case must be dismissed as recommended by the Magistrate Judge. Accordingly, this case is DISMISSED WITHOUT PREJUDICE.

### I.  BACKGROUND

Plaintiff initiated this action in the Southern District of New York. [ECF No. 1]. The case was subsequently transferred to this District under 28 U.S.C. § 1404(a). [ECF No. 7]. Upon transfer, the case was assigned to United States Magistrate Judge Jared M. Strauss pursuant to Administrative Order 2025-11 [ECF No. 8], and *pro se* Plaintiff moved to proceed *in forma pauperis* ("IFP Motion") [ECF No. 12]. The Court denied the IFP Motion without prejudice and granted Plaintiff leave to file an amended complaint. [ECF Nos. 9, 15].

After screening the First Amended Complaint [ECF No. 16] under 28 U.S.C. § 1915(e), Magistrate Judge Strauss determined the case should be dismissed and directed the Clerk to randomly reassign the case to a United States District Judge for disposition. [ECF No. 17]. In addition, Judge

Strauss issued a Report and Recommendation ("R&R"), recommending the case be dismissed without prejudice and that all pending motions be denied as moot. [ECF No. 18].

The Clerk re-assigned the case to the undersigned, who has carefully reconsidered the R&R in light of Plaintiff's objections. [*See* ECF No. 19]. Upon due consideration of the R&R, the filings, the applicable law, and the record, the Court ADOPTS and AFFIRMS the Report and Recommendation [ECF No. 18].

## II.    LEGAL STANDARD

In reviewing a Report and Recommendation, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (internal quotation marks omitted)). "Whenever a litigant has a meritorious proposition of law which he is seriously pressing upon the attention of the trial court, he should raise that point in such clear and simple language that the trial court may not misunderstand it, and if his point is so obscurely hinted at that the trial court quite excusably may fail to grasp it, it will avail naught to disturb the judgment on appeal." *United States v. Zinn,* 321 F.3d 1084, 1087–88 (11th Cir. 2003).

A party's objections are improper if they expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusions. *See Melillo v. United States*, No. 17-CV-80489, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018); *see also Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) ("It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the

Magistrate Judge.  Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.") (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).  When the objecting party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000)).

To demonstrate plain error, an objector must show that: "(1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings."  *United States v. Gresham,* 325 F.3d 1262, 1265 (11th Cir. 2003).  An error is not plain unless it is contrary to explicit statutory provisions or to on-point precedent in this Court or the Supreme Court.  *See Schultz,* 565 F.3d at 1356–57 (citing *United States v. Lejarde–Rada,* 319 F.3d 1288, 1291 (11th Cir. 2003)).

### III.   DISCUSSION

Plaintiff filed eleven (11) objections to the R&R, some of which are clearer than others.  None of the objections, however, convinces the Court to sustain them.  Because Plaintiff organized his objections alphabetically, the Court responds to them in such order:

a.   First, Plaintiff objects to the Court's screening the Amended Complaint because Plaintiff sought to proceed without paying the filing fee. [ECF No. 23 at 1].  However, as the Magistrate Judge correctly stated, screening of the complaint is mandated by the IFP statute. [*See* ECF No. 18 at 3 (citing 28 U.S.C. § 1915(e))].  Accordingly, this Objection is OVERRULED.  Plaintiff also argues that because Magistrate Judge Strauss ruled against him in a prior case, Judge Strauss is

3

"biased" against him in this case. [ECF No. 23 at 1]. Beyond the prior unfavorable ruling, Plaintiff does not point to anything else that would suggest bias on the part of Judge Strauss. "[A]n unfavorable judicial decision is not indicative of bias without other evidence of bias." *Meade v. Comm'r of Soc. Sec.*, 807 F. Appx 942, 945 (11th Cir. 2020) (citing *Liteky v. United States*, 510 U.S. 540, 556 (1994)). Accordingly, this Objection is OVERRULED.

      b.      Second, Plaintiff complains about footnote 2 on page 4 of the R&R that discusses Plaintiff's failure to number the paragraphs of the Amended Complaint in violation of Rule 10 of the Federal Rules of Civil Procedure, despite Judge Strauss's instructions to do so in a prior case. [ECF No. 23 at 1 (citing ECF No. 18 at 4 n.2))]. Plaintiff contends, once again, that Judge Strauss's reference to instructions given to Plaintiff in a prior case over which he presided indicates Judge Strauss's bias against him. A judge's reminders to follow the Federal Rules of Civil Procedure as previously instructed do not constitute an objection to the R&R. "Frivolous, conclusive, or general objections need not be considered by the district court." *Schultz*, 565 F.3d at 1361. Accordingly, this Objection is OVERRULED.

      c.      Third, Plaintiff objects to the Magistrate Judge's determination that he presented no federal question, depriving the Court of jurisdiction over his workplace claims. [ECF No. 23 at 1–2]. Plaintiff says the Amended Complaint states a claim for hostile work environment, which, in turn, confers federal question jurisdiction. [*Id.*]. What the Magistrate Judge concluded, however, was (1) the Amended Complaint is a shotgun pleading; (2) Plaintiff failed to show federal question jurisdiction because he invoked only Florida Statutes; and (3) even if Plaintiff had invoked Title VII, he failed to make out a *prima facie* case for discrimination or retaliation. [ECF No. 18 at 5–7].

    The undersigned has carefully read the Amended Complaint and finds no facts to support a hostile work environment claim. To prevail on a hostile work environment claim, a plaintiff must allege five elements: (1) he "belongs to a protected group"; (2) he was "subject to unwelcome

4

harassment"; (3) the harassment was "based on a protected characteristic"; (4) the harassment was "sufficiently severe or pervasive to alter the conditions of" his employment; and (5) his employer was "responsible for" the hostile work environment. *Copeland v. Georgia Dep't of Corr.,* 97 F.4th 766, 774–75 (11th Cir. 2024) (citing *Bryant v. Jones*, 575 F.3d 1281, 1296 (11th Cir. 2009). Plaintiff does not allege he is a member of a protected class; that he was subject to unwelcome harassment based upon a protected characteristic; the harassment was pervasive to alter the conditions of his employment; or that his employer was responsible for the hostile work environment. [*See* ECF No. 16]. Accordingly, this Objection is OVERRULED.

      d.      Fourth, Plaintiff complains the Magistrate Judge omitted the following allegation from the R&R's Background section:

> The GM falsified documents on me to move me to another location now I am not sure if the GM was saying write me up or lie on me in the report because I am new or other reasons but he did do what he was told to do by the district manager.

[ECF No. 23 at 2]. In light of Plaintiff's assertion that he attempted to assert a hostile work environment claim, it makes no difference whether this allegation was considered by the Magistrate Judge, or not. Nothing here supports a hostile work environment claim. Accordingly, this Objection is OVERRULED.

      e.      Fifth, Plaintiff objects to caselaw and other authority that gives the Court power to dismiss a *pro se* complaint. [ECF No. 23 at 2–3]. The IFP statute does not just authorize the Court to dismiss a complaint, it requires the Court to do so where, as here, the complaint fails to plausibly plead a claim. Section 1915(e)(2) states:

> The court **shall dismiss** the case at any time if the court determines that--
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

5

28 U.S.C.A. § 1915(e)(2) (emphasis added). Congress has not given district courts the discretion to not dismiss a case that falls within these categories where the plaintiff seeks to proceed without paying the filing fee. Accordingly, this Objection is OVERRULED.

  f.  Seventh, Plaintiff contends his due process rights were violated by the Court's treating *pro se* pleadings more "stringently" than those filed by attorneys. [ECF No. 23 at 3]. Here, Plaintiff misstates the law, which the Magistrate Judge correctly applied. Courts "liberally construe *pro se* filings." *United States v. Ogiekpolor*, 122 F.4th 1296, 1304 (11th Cir. 2024) (citing *Roy v. Ivy*, 53 F.4th 1338, 1346 (11th Cir. 2022)). "*Pro se* litigants, however, are required to conform to procedural rules." *Id*. [*See* ECF No. 18 at 3–4 ("When a plaintiff is proceeding *pro se*, the Court must liberally construe the *pro se* pleadings and hold them to 'less stringent standards' than pleadings drafted by attorneys. *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020). Leniency afforded to *pro se* litigants "does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014). The Magistrate Judge liberally construed the shotgun Amended Complaint by (1) looking for a federal claim even though Plaintiff cited only Florida statutes, and (2) by looking for facts to support a Title VII claim which were not present. [*See* ECF No. 18 at 5–7]. Accordingly, the Court finds no error. This Objection is OVERRULED.

  g.  Eighth, Plaintiff argues that the R&R's characterization of the Amended Complaint as "longwinded" with "run-on sentences" was not a sufficient reason to recommend dismissal. [ECF No. 18 at 3]. Further, Plaintiff maintains that: "The court cant (sic) use unclear grounds that interferes with my access to court because if the court uses the ground to dismiss my action but is not a ground for that purpose then why was the ground used and that ground is unclear to me." [*Id.*]. Despite Plaintiff's characterization, the R&R's reasoning for dismissal is clear. The Amended Complaint is an improper shotgun pleading; Plaintiff does not invoke the Court's subject matter jurisdiction; and even

6

if federal employment law applied to Plaintiff's workplace dispute, Plaintiff's allegations do not support any such claim. [*See* ECF No. 18 at 5–7]. Accordingly, the Court finds no error. This Objection is OVERRULED.

      h.      Ninth, Plaintiff says (1) the Magistrate Judge failed to sufficiently explain how the Amended Complaint is an improper shotgun pleading, and (2) Plaintiff gave "BSO" notice through the EEOC complaint process. [ECF No. 23 at 3]. First, Judge Strauss explained the shotgun pleading problems in three pages of the R&R, so that part of Plaintiff's objection is without merit. [*See* ECF No. 18 at 3–5]. Second, BSO is not a party to this lawsuit. Plaintiff has instead sued his former private employer, Mavis Auto and Tire, Corp. So, the second part of the objection is irrelevant. Accordingly, this Objection is OVERRULED.

      i.      Tenth, Plaintiff again says the Magistrate Judge erred by not "inferring" a hostile work environment claim from the allegations in the Amended Complaint. [ECF No. 23 at 3]. The Court has already determined that no facts alleged support a hostile work environment claim. Accordingly, this Objection is OVERRULED.

      j.      Eleventh and finally, Plaintiff contends that although Defendant is not "using retaliation, it is there." [ECF No. 23 at 3–4]. Here, Plaintiff points to his allegation that he reported a work-related theft to the manager, who later terminated Plaintiff's employment. [*Id.*]. The Magistrate Judge carefully considered the allegation and correctly concluded that it failed to state a claim for retaliation under Title VII. [ECF No. 18 at 7]. After *de novo* review, the Court finds no error.

      "To establish a prima facie case of retaliation under Title VII, a plaintiff must show that (1) he engaged in statutorily protected expression; (2) he suffered an adverse employment action; and (3) there is some causal relation between the two events." *McMillian v. Postmaster Gen., U.S. Postal Serv.*, 634 F. App'x 274, 277 (11th Cir. 2015) (citing *Pennington v. City of Huntsville,* 261 F.3d 1262, 1266 (11th Cir. 2001) (internal quotation marks omitted)). A plaintiff engages in "statutorily protected activity"

when he protests an employer's conduct which is actually lawful, so long as he or she demonstrates "a good faith, reasonable belief that the employer was engaged in unlawful employment practices." *Harper v. Blockbuster Ent. Corp.,* 139 F.3d 1385, 1388 (11th Cir. 1998) (citation and internal quotation marks omitted).

In the case at bar, Plaintiff alleges only that another employee—not his employer—engaged in unlawful activity. Judge Strauss thus correctly concluded that such an allegation cannot support a retaliation claim. Accordingly, this Objection is OVERRULED.

In sum, the Court OVERRULES all of Plaintiff's Objections.

## IV.  CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUGED** as follows:

1. The Magistrate Judge's Report and Recommendation [ECF No. 18] is ADOPTED and made a part of this Order for all purposes.

2. This case is **DISMISSED WITHOUT PREJUDICE**.

3. All pending motions, including **ECF No. 12**, are **DENIED AS MOOT**.

4. *The Clerk* is directed to CLOSE this case.

**DONE AND ORDERED** in the Southern District of Florida on July 2, 2025.

_____
DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:   counsel of record